**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ASSOCIATION OF COMMITTEE TO
ELECT REV. DR. KAMAL K. ROY AS U.S.
PRESIDENT 2008, etc.,

                Plaintiff,

vs.                                          Case No. 3:07-cv-994-J-33JRK

WIKIPEDIA, etc., et al.,

                Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Pro Se Plaintiff Kamal K. Roy's Amended Complaint (Doc. 5, Am. Compl.) and amended Affidavit of Indigency (Doc. 6, Second Affidavit) filed November 19, 2007, which the Court construes as a Motion for Leave to Proceed In Forma Pauperis.

### **I.     Background / Procedural History**

Plaintiff Kamal K. Roy, a.k.a. Joseph Geronimo, filed a Civil Rights Complaint form (Doc. 1, Compl.) along with an Affidavit of Indigency (Doc. 2, First Affidavit) on October 18, 2007, naming "Wikipedia, etc.," "Florida, USA," and the "USA Government, Washington, DC" as Defendants. Both the Complaint and Affidavit, together consisting of more than 100 pages, were covered with largely illegible handwritten notes. Due to the incomprehensible nature of these submissions, Plaintiff was directed to file a properly completed, signed, and

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

notarized Affidavit of Indigency, as well as a legible version of the Complaint, containing a "short and plain statement" of his claim(s) and "setting forth the facts on which his case is based in a few simple sentences." Order, Nov. 6, 2007, at 1-2. Plaintiff was warned that failure to comply with the Court's Order could result in dismissal of his case. Id.

On November 19, 2007, Plaintiff filed his Amended Complaint (Doc. 5) and amended Affidavit of Indigency (Doc. 6; Second Affidavit). The Amended Complaint bears striking similarity to the original Complaint, consisting of 112 unnumbered pages of documents from various sources, some torn and dog-eared, and all covered in largely illegible handwritten notes. Some of the documents are civil complaint "fill-in-the-blank" forms from other federal district courts, covered in handwriting on nearly every available white space, including the margins. Several of the pages are Federal Elections Commission (FEC) candidacy forms filled out with Plaintiff's name and address. Plaintiff includes a number of photocopied excerpts from various federal court orders, dismissing other civil suits filed by Plaintiff. Also appearing in the massive sheaf of documents are medical treatment notes from Plaintiff's doctors, bank statements from several nonprofit organizations run by Plaintiff, printouts from Internet webpages, including Wikipedia, and, of particular note, a handwritten list of various federal courts and federal judges.

The handwritten notes appearing on nearly all of these documents do not follow any coherent train of thought, resembling a "stream of consciousness" writing style. Among the few legible phrases the Court is able to pick out are references to Plaintiff's alleged status as a Republican candidate for U.S. President in the 2008 election; a claim that the FEC has "ignored" his status as a candidate; a comment that the U.S. presidential election has turned

into a "dogfight of celebraties [sic] in collaboration of a rich and powerful and media conglomerates representing coterie of interest group [sic]"; vague references to "weak, poor, & disadvantaged" people; and, with regard to the list of judges, "some Federal Judges who we plaintiffs believe that they are not able to realise [sic] pains of democratic denials of rights of weaker persons."

In his amended Affidavit of Indigency, Plaintiff identifies himself as a "strategist on social, religious and political reforms in USA."  Second Aff. at 1.  Plaintiff states he is demanding "reforms" on the basis that he "was pained, harmed, and democratically damaged"; he further notes that "[d]enial of leadership right is almost like slavery with powerfuls in USA as rulers."  Id.  Plaintiff declares his income at $600 per month, consisting of Social Security and disability payments, and explains that he is "an ordained clergy on vow of poverty (IRS) [sic]."  Id. at 2.  Plaintiff claims that his expenses are equal to his income, resulting in a "balanced budget."  Id.

## II.   Standard of Review

A plaintiff may be allowed to commence a civil action in forma pauperis, i.e., without payment of court filing fees, when that plaintiff declares in an affidavit to the court that he or she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The court receiving such a case, however, must dismiss the case sua sponte if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint is defined as frivolous when "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In weighing frivolousness, a court may consider a plaintiff's "history of bringing unmeritorious litigation." Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001). Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, a court is under no duty to "re-write" plaintiff's complaint to find a claim. Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993).

### III.    Discussion

Although Plaintiff's Second Affidavit demonstrates his inability to pay the Court's filing fee, Plaintiff should not be permitted to proceed in forma pauperis because his Amended Complaint is clearly frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's Amended Complaint, an incoherent collection of handwritten fragments and notes, contains no legal claims with any arguable basis in law or fact. See Nietzke, 490 U.S. at 325. Indeed, it presents no cognizable claims at all; instead, it is a series of ravings about the U.S. political system, general claims of discrimination against the "weak and poor," and other topics relating to social justice issues. To the extent that Plaintiff alleges the FEC has "ignored" his candidacy, Plaintiff again fails to raise any viable claim.

As another federal district court recently noted, Plaintiff is no stranger to litigation, having filed dozens of meritless lawsuits in federal courts across the United States both in his individual capacity and as a representative of various entities with which he is affiliated. See Roy v. United States, No. 06-685-SLR, 2007 WL 1109296, at *1 (D. Del. Apr. 11, 2007)

(dismissing complaint as malicious and frivolous pursuant to 28 U.S.C. § 1915; collecting cases).  Following Bilal, 251 F.3d at 1350, this Court takes notice of Plaintiff's demonstrated history of filing meritless litigation.  Plaintiff's past history of frivolous filings, combined with the unintelligible nature of his submissions and his failure to articulate any basis in law or fact for his Amended Complaint, renders Plaintiff's suit clearly frivolous under the Nietzke standard.  See Nietzke, 490 U.S. at 325.

The Court, moreover, already has granted Plaintiff the opportunity to amend his original Complaint, giving Plaintiff clear instructions to state his claim in a plain and simple fashion.  Plaintiff has not done so, and the Court will not attempt to re-write Plaintiff's 100-plus-page complaint on his behalf.  See Peterson, 998 F.2d at 912.

After due consideration, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis / Affidavit of Indigency (Doc. 6) be **DENIED**.

2. Plaintiff's Amended Complaint (Doc. 5) be **DISMISSED as frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 7, 2008.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

jcd

Copies to:
The Honorable Virginia M. Hernandez Covington

Counsel of Record
Pro Se Parties